IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MERCEDES WHITFIELD, on behalf of herself and similarly situated employees,<br>  Plaintiff,<br>v.<br>TRINITY RESTAURANT GROUP, LLC,<br>  Defendant. | CIVIL ACTION<br><br>No.: 2:18-cv-10973-DML-EAS<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Mercedes Whitfield ("Plaintiff"), on behalf of herself and similarly situated employees, brings this collective action lawsuit against Defendant, Trinity Restaurant Group, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Michigan Workforce Opportunity Wage Act, MCL §§ 408.411, *et seq.* ("WOWA"). Plaintiff asserts her FLSA claim as a collective action claim under 29 U.S.C. § 216(b) and her WOWA claim as a class action under Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce, therefore, it is also covered by the FLSA on an individual basis.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## **PARTIES**

6. Plaintiff is an individual residing in Inkster, Michigan.

7. Defendant is a corporate entity registered to do business in Michigan and conducting business within this District.

8. Defendant is an IHOP[1] restaurant franchisee that operates, upon information and belief, at least fourteen (14) IHOP restaurants in the state of Michigan.

9. Defendant is a foreign limited liability company headquartered at 3638 Birch Street, Suite 260, Newport Beach, California 92660. Defendant is registered to conduct business in Michigan and its registered agent for service of process is CSC-Lawyers Incorporations Service, 601 Abbot Road, East Lansing, Michigan 48823.

10. Defendant is an employer covered by the record-keeping, minimum wage, and overtime wage mandates of the FLSA.

## FACTS

11. Defendant employs Servers at all of its Michigan IHOP restaurants.

12. Plaintiff was employed by Defendant as a Server at its IHOP restaurant located at 2701 East Jefferson Ave. in Detroit, Michigan from approximately February 2015 to December 2016.

13. Defendant pays Plaintiff and other Servers the Michigan sub-minimum hourly wage (*e.g.*, currently at $3.52 per hour), plus any tips earned and paid by restaurant patrons.

---

[1] Earlier this month it was announced that IHOP is changing the name of its restaurants to "IHOB."

3

14. Defendant utilizes a "tip credit" (*e.g.*, currently at $5.73 in Michigan) for each hour worked by Plaintiff and other Servers as generally permitted under the FLSA and the WOWA.

15. However, Defendant maintains a company-wide policy and practice which requires Plaintiff and other Servers to spend more than 20% of their work time performing non-tip producing work. Such non-tip producing work includes, but is not limited to, washing dishes, stocking condiments, preparing salads, cleaning the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant.

16. Defendant pays Plaintiff and other Servers the Michigan sub-minimum hourly wage for time spent performing the non-tip producing work described in paragraph 15.

17. The non-tip producing work does not help Plaintiff and Servers earn tips from restaurant patrons.

18. Defendant routinely requires Plaintiff and other Servers to perform non-tip producing work while they are not serving patrons in the restaurant.

19. Defendant required Plaintiff to perform non-tip producing work while paying her the Michigan sub-minimum hourly wage during each shift that she worked. In the absence of discovery, Plaintiff estimates that she spent an average

of approximately 50% of each shift performing non-tip producing work. Plaintiff routinely spent more than 20% of her time performing non-tip producing work.

20. Upon information and belief, Defendant requires its Servers at all of its IHOP restaurants to spend more than 20% of their time performing non-tip producing work while earning a sub-minimum wage.

21. Defendant also required Plaintiff and Servers to attend mandatory meetings once every two weeks, lasting approximately two hours per meeting.

22. The nature of the meetings was not educational in nature for Plaintiff or Servers. The subject of the meetings pertained only to Defendant's operation of IHOP restaurants and the work performance of Plaintiff and Servers, and therefore solely benefitted the Defendant.

23. Defendant did not pay Plaintiff or Servers any wages for attending the mandatory meetings.

24. Defendant required Plaintiff and Servers to claim their tips in IHOP's timekeeping computer system after every shift. Defendant required Plaintiff and Servers to give a percentage of their tips to Defendant's bussers that was determined by the amount of food Plaintiff or Servers sold during their shift.

25. While claiming tips, Plaintiff and Servers were prompted by the operating system to claim a minimum tip amount for their shift, regardless of whether they actually received that amount in tips. Managers and supervisors did

not allow Plaintiff and Servers to claim their actual tip amount if their actual tips were below the minimum tip threshold mandated by the system.

26. Of the percentage of tips that Plaintiff and Servers were required to pay Defendant's bussers, the amount was based upon the system-mandated minimum tips and not the actual tip amount that Plaintiff and Servers received for that shift. As a result, Defendant made Plaintiff and Servers pay its bussers money that the Plaintiff or Servers did not receive in tips.

27. Defendant required Plaintiff and Servers to complete a certain amount of non-tip producing work for every shift they worked. If Plaintiff and Servers did not complete the non-tip producing work within their scheduled work shift, the Manager would clock out Plaintiff and Servers and require them to complete the non-tip producing work without pay.

28. Plaintiff was required to perform excess non-tip producing work, off-the-clock work, and to over-claim her tips during the week of December 21, 2015 (Christmas week). However, these unlawful practices were required on a regular basis during Plaintiff's employment with Defendant.

29. Plaintiff was required to attend an unpaid mandatory meeting in December 2016 just before her employment with Defendant ended. However, these unpaid mandatory meetings occurred on a regular basis during Plaintiff's employment with Defendant.

30. Defendant has maintained a common policy of requiring Plaintiff and other Servers to contribute a portion of their tips to a "tip pool" that includes other employees of the restaurant.

31. On weekends, holidays other busy days (such as "Free Pancake Day") employees who worked for Defendant as expediters (aka "expos) received a portion of the tips that Plaintiff and other Servers were required by Defendant to contribute to the tip pool.

32. The expos' duties primarily consist of readying food orders for pick up by the Servers in and/or near the restaurant's kitchen area.

33. Expos do not receive tips directly from customers.

34. This is because expos are required by Defendant to physically work at or near the restaurant's kitchen and not go on the restaurant floor or interact with restaurant customers.

35. Upon information and belief, Defendant requires Servers at all of its IHOP restaurants to share a portion of their tips while earning the subminimum wage with employees who do not have direct customer interaction with customers.

## FLSA COLLECTIVE ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and all similarly situated employees, defined as:

> *All current and former Servers who worked for Defendant at its IHOP restaurants at any time during the past three years.*

7

(hereinafter referred to herein as "Collective Action Members"). Plaintiff reserves the right to amend this definition if necessary.

37. Plaintiff pursues her FLSA claim on behalf of any Collective Action Members who opt-in to this action pursuant to 29 U.S.C. § 216(b).

38. Plaintiff and the Collective Action Members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, they were subjected to Defendant's company-wide pay policies and practices, as discussed in paragraphs 11-35 above.

## RULE 23 CLASS ALLEGATIONS

39. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All current and former Servers who worked for Defendant at its IHOP restaurants in Michigan at any time during the past three years.*

(hereinafter referred to as the "Michigan Class"). Plaintiff reserves the right to amend this definition if necessary.

40. The persons in the Michigan Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of Defendant, there are hundreds of members of the Michigan Class during the Michigan Class period.

41. There are questions of law and fact common to the Michigan Class that predominate over any questions solely affecting individual members of the Michigan Class, including but not limited to:

> a. Whether Defendant employed Plaintiff and the Michigan Class within the meaning of WOWA, MCL§ 408.411 *et seq.*;
>
> b. Whether Defendant unlawfully failed to pay the minimum wage in violation of, and within the meaning of, WOWA, MCL§ 408.411 *et seq.*;
>
> c. Whether Defendant failed to keep accurate time and payroll records for Plaintiff and the Michigan Class;
>
> d. Whether Defendant's practice of failing to pay the minimum wage was instituted willfully or with reckless disregard of the law;
>
> e. The proper measure of damages sustained by Plaintiff and the Michigan Class; and
>
> f. Whether Defendant should be enjoined from such violations in the future.

42. Plaintiff will fairly and adequately protect the interests of the Michigan Class and has no interests antagonistic to the class. Plaintiff is represented by attorneys who are experienced and competent in both class and wage-and-hour litigation.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages

9

sustained by individual class members are small when compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

44. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

45. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

46. Because Defendant acted and refused to act on grounds that apply generally to the Michigan Class and declaratory relief is appropriate in this case with respect to the Michigan Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY MINIMUM WAGE**

47. Plaintiff hereby incorporates all of the preceding paragraphs.

48. Plaintiff and the Collective Action Members are employees entitled to the FLSA's protections.

49. Defendant is an employer covered by the FLSA.

50. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under 40 in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over 40 in a week, *see id.* at § 207(a)(1).

51. Defendant's company-wide policy and practice of requiring Plaintiff and other Servers to perform work without receiving wages, such as attending mandatory meetings, over-claiming tips, and performing off-the-clock work, resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the Collective Action Members. As such, Defendant violated the FLSA by failing to pay Plaintiff and other Servers the minimum wage.

52. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

53. Plaintiff has already consented in writing to join this action, and her consent is attached to her original Complaint at Doc. 1-1.

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201,** *et seq.* **– VIOLATION OF DUAL JOBS PROVISION**

54. Plaintiff hereby incorporates all of the preceding paragraphs.

55. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub- minimum hourly wage and take a "tip credit" against its minimum wage obligations.

56. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that is *unrelated* to the employee's tipped occupation. *See e.g.*, *Driver v. AppleIllinois, LLC,* 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

57. Defendant violated the FLSA by requiring Plaintiffs and other Servers to perform non-tip producing work that is *unrelated* to their tipped occupation, such as, *inter alia*, washing dishes, stocking condiments, preparing salads, cleaning the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant.

58. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field

Operations Handbook §30d00(f)[2] by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to perform non-tip producing work constituting a "dual job" that was *unrelated* to their tipped occupation, over the course of their regular workweek, as identified in the preceding paragraph.

59. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

60. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

61. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

62. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional

---

[2] (Dec. 9, 1988, *revised* Nov. 17, 2016) (*see* https://www.dol.gov/whd/FOH/FOH_Ch30.pdf)

equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III
## (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – VIOLATION OF THE TWENTY PERCENT RULE

63. Plaintiff hereby incorporates all of the preceding paragraphs.

64. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

65. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that, although possibly *related* to the employee's tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g.*, *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time") (emphasis added).

66. To the extent Plaintiff's and other Servers' non-tip producing work of, for example, in washing dishes, stocking condiments, preparing salads, cleaning

the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant is found to be *related* to their tipped occupation, Defendant violated the FLSA by requiring Plaintiff and other Servers to perform this non-tip producing work for more than 20% of their weekly work hours.

67. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(f) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to spend more than 20% of their work time performing related, but non-tip producing work.

68. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

69. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

70. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing such non-tip producing

work for more than 20% of their weekly hours, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

71. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT IV
## (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. – VIOLATION OF THE RULE THAT SERVERS RETAIN ALL OF THEIR TIPS UNLESS PART OF A VALID TIP POOL

72. Plaintiff hereby incorporates all of the preceding paragraphs.

73. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub-minimum hourly wage and take a "tip credit" against its minimum wage obligations.

74. However, that employee must be allowed to retain all of his/her tips unless they are shared with other restaurant employees as part of a valid tip pool. *See* 29 C.F.R. § 203(m); *Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186, 193 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801, *13 (M.D. Pa. July 9, 2014); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 730 (N.D. Tex. 2010).

75. Only those restaurant employees who "customarily and regularly" receive tips because their jobs entail direct customer interaction are allowed to participate in the tip pool and receive a portion of the Servers' tips. *Id.*

76. Defendant violated the FLSA by requiring Plaintiff to share a portion of her tips with other restaurant employees such as expos/server assistants as part of a tip pool because the expos/server assistants do not have the requisite direct customer interaction.

77. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

78. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

79. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

80. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional

equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT V
## (Rule 23 Michigan Class Action)

### VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.11, *et seq*. -- FAILURE TO PAY MINIMUM WAGE

81. Plaintiff hereby incorporates all of the preceding paragraphs.

82. Defendant, Plaintiff and the Michigan Class members are "employers" and "employees" for the purposes of the WOWA, § 408.412.

83. WOWA § 404.413 states that an "employer shall not pay any employee at a rate that is less than prescribed in this act."

84. Thus, all putative Michigan Class members are entitled to their full minimum wages pursuant to Michigan's wage and hour laws. WOWA §§ 408.414 and 408.414d.

85. The Michigan minimum hourly wage and sub-minimum hourly wage for tipped employees exceeded the federal Minimum Wage at all relevant times:

|  | Minimum Wage Rate | Sub-Minimum Wage Rate |
| --- | --- | --- |
| September 1, 2014 | $8.15 | $3.10 |
| January 1, 2016 | $8.50 | $3.23 |
| January 1, 2017 | $8.90 | $3.38 |
| January 1, 2018 | $9.25 | $3.52 |

86. Defendant violated Michigan law, including WOWA §§ 408.414 and 408.414d, by regularly and repeatedly failing to compensate Plaintiff and the

Michigan Class at the appropriate minimum wage as described in this Complaint. As a result, Plaintiff and the Michigan Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Michigan Class are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA, MCL § 408.411, *et seq*.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other putative collective and class members, seeks the following relief:

    A.    Certifying this case as a collective action (for the Collective Action Members) in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I, II, III, and IV);

    B.    Certifying this action as a class action (for the Michigan Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count V);

    C.    All unpaid wages owed;

    D.    A finding that Defendant's conduct was willful;

    E.    Prejudgment interest;

F.     Liquidated damages;

G.    Litigation costs, expenses, and attorneys' fees; and

H.    Such other and further relief as this Court deems just and proper.

Date: June 29, 2018                      Respectfully Submitted,

*/s/ Jesse L. Young*
Jesse L. Young, Esq.
**KREIS ENDERLE, P.C.**
8225 Moorsbridge
P.O. Box. 4010
Kalamazoo, Michigan 49003-4010
(269) 324-3000 (Tel.)
(269) 324-3010 (Fax)
jyoung@kehb.com

Nicholas A. Migliaccio, Esq.
Jason S. Rathod, Esq.
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491 (Tel.)
(215) 884-2492 (Fax)
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

20