UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MERCEDES WHITFIELD, on behalf
of herself and similarly situated employees,

      Plaintiff,                    Case No.  18-10973

v                                 Hon. David M. Lawson

TRINITY RESTAURANT GROUP, LLC,

      Defendant.
_____

### DEFENDANT'S ANSWER TO FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT, LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND AND AFFIRMATIVE DEFENSES

    Defendant Trinity Restaurant Group, LLC ("Defendant"), through its undersigned attorneys, states as follows for its Answer to Plaintiff's First Amended Collective and Class Action Complaint:

    In response to the unnumbered paragraph immediately preceding the Jurisdiction and Venue heading in Plaintiff's First Amended Complaint, Defendant admits that Plaintiff seeks to pursue claims under the Fair Labor Standards Act and Michigan Workforce Opportunity Wage Act, and denies the remaining allegations pled in that paragraph.

### JURISDICTION AND VENUE

    1.    In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the

{00053429.DOCX}

reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

2.      In response to Paragraph 2 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

3.      In response to the allegations of Paragraph 3 of Plaintiff's First Amended Complaint regarding Defendant's annual sales and that it employs more than two people, Defendant admits said allegations. As for the remaining allegations of Paragraph 3, Defendant neither admits nor denies said allegations for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

4.      In response to Paragraph 4 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

5.      In response to Paragraph 5 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

## PARTIES

6.      In response to Paragraph 6 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

7.      In response to Paragraph 7 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

8.       In response to Paragraph 8 of Plaintiff's First Amended Complaint, Defendant admits only that it is an IHOP restaurant franchisee that operates fourteen (14) IHOP restaurants in the State of Michigan.

9.      In response to Paragraph 9 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, with the correction that Defendant's primary office address is 3636 Birch Street, Suite 260, Newport Beach, California 92660.

10.      In response to Paragraph 10 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

## FACTS

11.    In response to Paragraph 11 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

12.     In response to Paragraph 12 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, with the correction that Plaintiff was employed by Defendant from approximately March 2015 to January 2017.

13.     In response to Paragraph 13 of Plaintiff's First Amended Complaint, Defendant admits only that, when applicable, Plaintiff and other Servers were paid the Michigan sub-minimum hourly wage and earned tips paid by restaurant patrons. Defendant denies the remaining allegations pled in paragraph 13 of the First Amended Complaint.

14.    In response to Paragraph 14 of Plaintiff's First Amended Complaint, Defendant admits only that, when applicable, Plaintiff and other Servers were paid the Michigan sub-minimum hourly wage and earned tips paid by restaurant patrons. Defendant denies the remaining allegations pled in paragraph 14 of the First Amended Complaint.

15.    In response to Paragraph 15 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

16.     In response to Paragraph 16 of Plaintiff's First Amended Complaint, Defendant admits only that it paid Plaintiff and other Servers the Michigan sub-minimum hourly wage for time spent performing certain side work that is related to their tipped occupations, and which constituted less than 20% of the time worked during their respective shifts. Defendant denies the remaining allegations pled in paragraph 16 of the First Amended Complaint.

17.     In response to Paragraph 17 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

18.     In response to Paragraph 18 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

19.     In response to the allegations of Paragraph 19 of Plaintiff's First Amended Complaint regarding the alleged "non-tip producing work" Plaintiff performed and her pay for such work, Defendant admits only that it paid Plaintiff the Michigan sub-minimum hourly wage for time spent performing certain side work that was related to her tipped occupation, and which constituted less than 20% of the time worked during her shifts. As for the remaining allegations of Paragraph 19, Defendant denies said allegations for the reason they are untrue.

20.     In response to Paragraph 20 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

21.     In response to Paragraph 21 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

22.     In response to Paragraph 22 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

23.     In response to Paragraph 23 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

24.     In response to Paragraph 24 of Plaintiff's First Amended Complaint, Defendant admits only that servers are required to report their tips in a computer system. Defendant denies the remaining allegations pled in paragraph 24 of the First Amended Complaint.

25.     In response to Paragraph 25 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

26.     In response to Paragraph 26 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

27.     In response to the allegations of Paragraph 27 of Plaintiff's First Amended Complaint regarding the alleged "non-tip producing work" Plaintiff and other Servers performed during their shifts, Defendant admits only that Plaintiff and other Servers performed certain side work that is related to their tipped occupations during their respective shifts, and which constituted less than 20% of the time worked during their respective shifts. As for the remaining allegations of

Paragraph 27, Defendant denies said allegations for the reason they are untrue.

28.     In response to Paragraph 28 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

29.     In response to Paragraph 29 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

30.     In response to Paragraph 30 of Plaintiff's First Amended Complaint, Defendant admits only that some of its locations operate with a tip pool on some occasions. Defendant denies the remaining allegations pled in paragraph 30 of Plaintiff's First Amended Complaint for the reason they are untrue.

31.     In response to Paragraph 31 of Plaintiff's First Amended Complaint, Defendant admits only that, at some locations, where applicable, employees designated as expediters (or "expos") may receive a portion of tips that Servers earn and that are contributed to a tip pool during a given shift.  Defendant denies the remaining allegations pled in paragraph 31 of Plaintiff's First Amended Complaint for the reason they are untrue.

32.     In response to Paragraph 32 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

33.     In response to Paragraph 33 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

34.     In response to Paragraph 34 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

35.     In response to Paragraph 35 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

## FLSA COLLECTIVE ALLEGATIONS

36.     In response to Paragraph 36 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and/or fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant denies the allegations pled in Paragraph 36 of Plaintiff's First Amended Complaint.

37.     In response to Paragraph 37 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and/or fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent any response is required, Defendant admits only that Plaintiff seeks to bring this claim as a collective action pursuant to 29 U.S.C. § 216(b), and denies the remaining allegations pled in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     In response to Paragraph 38 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

## <u>RULE 23 CLASS ALLEGATIONS</u>

39.     In response to Paragraph 39 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and/or fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff purports to pursue her claim under Fed. R. Civ. P. 23(b)(2) and/or (b)(3), and denies the allegations pled in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     In response to Paragraph 40 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

41.     In response to Paragraph 41 of Plaintiff's First Amended Complaint, including all subparts contained therein, Defendant denies the allegations contained therein for the reason they are untrue.

42.     In response to Paragraph 42 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

43.     In response to Paragraph 43 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

44.    In response to Paragraph 44 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

45.    In response to Paragraph 45 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

46.    In response to Paragraph 46 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* – FAILUE TO PAY MINIMUM WAGE

47.    In response to Paragraph 47 of Plaintiff's First Amended Complaint, Defendant incorporates and realleges each and every answer stated in response to Paragraphs 1 through 46 as if fully stated and set forth herein.

48.    In response to Paragraph 48 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff as an employee of Defendant, shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 48 of Plaintiff's First Amended Complaint.

49.    In response to Paragraph 49 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent any response is required, Defendant admits only that Plaintiff attempts to establish coverage under the FLSA, and denies the remaining allegations pled in Paragraph 49 of Plaintiff's First Amended Complaint.

50.    In response to Paragraph 50 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 50 of Plaintiff's First Amended Complaint.

51.    In response to Paragraph 51 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

52.    In response to Paragraph 52 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

53.    In response to Paragraph 53 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the

reason that Plaintiff's consent to join this lawsuit (Dkt. 1-1) speaks for itself.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Count I of Plaintiff's First Amended Collective and Class Action Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201 *et seq.* – VIOLATION OF DUAL JOBS PROVISION**

54.     In response to Paragraph 54 of Plaintiff's First Amended Complaint, Defendant incorporates and realleges each and every answer stated in response to Paragraphs 1 through 53 as if fully stated and set forth herein.

55.     In response to Paragraph 55 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 55 of Plaintiff's First Amended Complaint.

56.     In response to Paragraph 56 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the

reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 56 of Plaintiff's First Amended Complaint.

57.    In response to Paragraph 57 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

58.    In response to Paragraph 58 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

59.    In response to Paragraph 59 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

60.    In response to Paragraph 60 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

61.    In response to Paragraph 61 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

62.    In response to Paragraph 62 of Plaintiff's First Amended Complaint, Defendant admits only that Plaintiff has alleged various types of damages and/or relief, entitlement to which is expressly denied.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Count II of Plaintiff's First Amended Collective and Class Action Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

## COUNT III
### (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* – VIOLATION OF THE TWENTY PERCENT RULE

63.     In response to Paragraph 63 of Plaintiff's First Amended Complaint, Defendant incorporates and realleges each and every answer stated in response to Paragraphs 1 through 62 as if fully stated and set forth herein.

64.     In response to Paragraph 64 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 64 of Plaintiff's First Amended Complaint.

65.     In response to Paragraph 65 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the

requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant denies the allegations pled in Paragraph 65 of Plaintiff's First Amended Complaint.

66.    In response to Paragraph 66 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

67.    In response to Paragraph 67 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

68.     In response to Paragraph 68 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

69.    In response to Paragraph 69 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

70.    In response to Paragraph 70 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

71.    In response to Paragraph 71 of Plaintiff's First Amended Complaint, Defendant admits only that Plaintiff has alleged various types of damages and/or relief, entitlement to which is expressly denied.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Count III of Plaintiff's First Amended Collective and Class Action Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

## COUNT IV
## (29 U.S.C. § 216(b) Collective Action)

## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201 *et seq.* – VIOLATION OF THE RULE THAT SERVERS
## RETAIN ALL OF THEIR TIPS UNLESS PART OF A VALID TIP POOL

72.     In response to Paragraph 72 of Plaintiff's First Amended Complaint, Defendant incorporates and realleges each and every answer stated in response to Paragraphs 1 through 71 as if fully stated and set forth herein.

73.     In response to Paragraph 73 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 73 of Plaintiff's First Amended Complaint.

74.     In response to Paragraph 74 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     In response to Paragraph 75 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     In response to Paragraph 76 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

77.      In response to Paragraph 77 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

78.     In response to Paragraph 78 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

79.     In response to Paragraph 79 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

80.     In response to Paragraph 80 of Plaintiff's First Amended Complaint, Defendant admits only that Plaintiff has alleged various types of damages and/or relief, entitlement to which is expressly denied.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Count IV of Plaintiff's First Amended Collective and Class Action

Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

## COUNT V
### (Rule 23 Michigan Class Action)

## VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.11 *et seq.* – FAILURE TO PAY MINIMUM WAGE

81.     In response to Paragraph 81 of Plaintiff's First Amended Complaint, Defendant incorporates and realleges each and every answer stated in response to Paragraphs 1 through 80 as if fully stated and set forth herein.

82.     In response to Paragraph 82 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 82 of Plaintiff's First Amended Complaint.

83.     In response to Paragraph 83 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself

and denies the remaining allegations pled in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     In response to Paragraph 84 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 84 of Plaintiff's First Amended Complaint.

85.     In response to Paragraph 85 of Plaintiff's First Amended Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.   To the extent any response is required, Defendant admits only that Plaintiff shows that the referenced law speaks for itself and denies the remaining allegations pled in Paragraph 85 of Plaintiff's First Amended Complaint.

86.     In response to Paragraph 86 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Count V of Plaintiff's First Amended Collective and Class Action

Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

Respectfully submitted:

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:  /s/ William R. Thomas
      Joseph A. Starr (P47253)
      William R. Thomas (P77760)
      20700 Civic Center Dr., Ste. 290
      Southfield, MI 48076
      (248) 554-2700
      jstarr@starrbutler.com
      wthomas@starrbutler.com

      FISHER & PHILLIPS, LLP
      Edward N. Boehm, Jr.
      Martin B. Heller
      1075 Peachtree St., NE, Ste. 3500
      Atlanta, GA 30309
      (404) 231-1400
      tboehm@fisherphillips.com
      mheller@fisherphillips.com

Dated:  July 19, 2018          Attorneys for Defendant

## <u>LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND</u>

Defendant Trinity Restaurant Group, LLC ("Defendant"), through its undersigned attorneys, hereby states its limited reliance upon the jury demand previously made herein and, further, hereby demand a jury trial as to all legal claims and defenses at issue in this litigation, with the exception of any and all claims that sound in equity or which in the underlying matter, intrinsically involve issues of law for the trial judge to decide and which, therefore, is properly triable only by the judge assigned to this case.

Respectfully submitted:

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:  /s/ William R. Thomas
      Joseph A. Starr (P47253)
      William R. Thomas (P77760)
      20700 Civic Center Dr., Ste. 290
      Southfield, MI 48076
      (248) 554-2700
      jstarr@starrbutler.com
      wthomas@starrbutler.com

      FISHER & PHILLIPS, LLP
      Edward N. Boehm, Jr.
      Martin B. Heller
      1075 Peachtree St., NE, Ste. 3500
      Atlanta, GA 30309
      (404) 231-1400
      tboehm@fisherphillips.com
      mheller@fisherphillips.com

Dated:  July 19, 2018        Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MERCEDES WHITFIELD, on behalf
of herself and similarly situated employees,

        Plaintiff,                      Case No.  18-10973

v                                          Hon. David M. Lawson

TRINITY RESTAURANT GROUP, LLC,

        Defendant.
_____

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Trinity Restaurant Group, LLC ("Defendant"), by and through its undersigned attorneys, states for its Affirmative Defenses to the allegations contained in Plaintiff's First Amended Collective and Class Action Complaint as follows:

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.    Plaintiff's Complaint, in whole or in part, fails to meet the requirements for a collective action and/or the requirements under Fed. R. Civ. P. 23.

3.    Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations and/or jurisdictional prerequisites.

4.      Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, estoppel, and/or latches.

5.      Plaintiff has failed to mitigate her damages, entitlement to which is expressly denied.

6.      Plaintiff's claims, in whole or in part, are barred because Defendant's actions were in good faith.

7.      Plaintiff's claims, in whole or in part, are barred because any error Plaintiff may establish regarding her compensation were unintentional and Defendant had a reasonable basis for any alleged errors.

8.      Plaintiff's claims, in whole or in part, are not appropriate for a collective and/or class action because individual liability and damage issues predominate over issues generally applicable to the collective and/or class action.

9.      Plaintiff's claim under the alleged "dual jobs" regulation, 29 C.F.R. § 531.56(e)), fails because said regulation is entitled to no deference and is not enforceable.

10.     To the extent the alleged "dual jobs" regulation, 29 C.F.R. § 531.56(e)) is applicable, Defendant fully complied with the regulation.

11.     Plaintiff's alleged "20% rule" claim fails because Department of Labor Field Operations Handbook § 30d00(3) is entitled to no deference and is not enforceable.

12.   To the extent the alleged "20% rule" applies, Defendant fully complied with its provisions.

13.   Even if Plaintiff worked additional time for which she was not compensated, Plaintiff is estopped from bringing any claims for such time because she failed to report any time worked for which she was not compensated and otherwise unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise, and Defendant did not know or have reason to know of any additional time worked.

14.   Even if Plaintiff was not compensated properly due to her over-reporting of tips, Plaintiff is estopped from bringing any claims for such compensation because she failed to report the correct tips she received and otherwise unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise, and Defendant did not know or have reason to know of any over-reporting of tips.

15.   Plaintiff and any alleged similarly situated individuals' claims are barred in whole or in part by the exclusions, exceptions or credits set forth in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

16.    Plaintiff and any alleged similarly situated individuals' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in (i) walking,

riding, or traveling to the actual places they performed their principal activities; or (ii) in activities which were preliminary or postliminary to their principal activities.

17.    Plaintiff and any alleged similarly situated individuals' claims are barred in whole or in part by the provisions of Section 10 of the Portal to Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiff and any alleged similarly situated individuals' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Department of Labor.

18.    Plaintiff and any alleged similarly situated individuals' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

19.    Defendant properly compensated Plaintiff and any alleged similarly situated individuals pursuant to Section 3(m) of the FLSA.

20.    Plaintiff and any alleged similarly situated individuals may be barred from recovering alleged penalties or liquidated damages pursuant to the FLSA because: (a) they have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant

acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

21.     Plaintiff does not, and cannot, fairly adequately represent the interests of any putative class or purported collective group.

22.     Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

23.     The adjudication of the claims of the putative class through generalized class-wide proof violates Defendant's rights to a trial by jury guaranteed by the United States Constitution.

24.     Defendant reserves the right to add additional affirmative defenses as may be learned in the course of discovery proceedings or otherwise.

Respectfully submitted:

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:     /s/ William R. Thomas
        Joseph A. Starr (P47253)
        William R. Thomas (P77760)
        20700 Civic Center Dr., Ste. 290
        Southfield, MI 48076
        (248) 554-2700
        jstarr@starrbutler.com
        wthomas@starrbutler.com

FISHER & PHILLIPS, LLP
Edward N. Boehm, Jr.
Martin B. Heller
1075 Peachtree St., NE, Ste. 3500
Atlanta, GA 30309
(404) 231-1400
tboehm@fisherphillips.com
mheller@fisherphillips.com

Dated: July 19, 2018                    Attorneys for Defendant


## CERTIFICATE OF SERVICE

The undersigned says that on July 19, 2018, she has caused to be served a copy of **Defendant's Answer to First Amended Collective and Class Action Complaint, Limited Reliance Upon and Objection to Jury Demand and Affirmative Defenses** and this **Certificate of Service** via the Court's Electronic Court Filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kiersten Plane